# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 20, 2019

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| JESSICA JONES, | \* | No. 15-1239V |
| | \* | Special Master Sanders |
| Petitioner, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, D.C., for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On October 23, 2015, Jessica Jones ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that the Tetanus-Diphtheria-acellular Pertussis ("TDaP"), Varicella, Meningococcal, and influenza ("flu") vaccines she received on November 10, 2012 caused her to develop small fiber neuropathy. An entitlement hearing was held on May 3, 2018 and the undersigned issued her Decision dismissing the petition on December 21, 2018. Decision, ECF No. 64.

On March 8, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 68

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $110,585.22 (representing $83,582.45 in fees and $27,002.77 in costs). Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has incurred $660.49 in costs related to the prosecution of her petition. *Id.* Respondent responded to the motion on March 22, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 69). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant*

*part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests the following rates of compensation for the work of his attorneys: for Mr. Clifford Shoemaker, $415.00 per hour for work performed in 2015, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019; for Ms. Renee Gentry, $400.00 per hour for work performed in 2015, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed 2018, and $445.00 per hour for work performed in 2019; and for Ms. Sabrina Knickelbein, $350.00 per hour for work performed in 2015, $365.00 per hour for work performed in 2016, $378.00 per hour for work performed in 2017, $391.00 per hour for work performed in 2018, and $400.00 per hour for work performed in 2019. Fees App. at 15.

The rates requested for 2017-2018 are reasonable and in conformance with what counsel has previously been awarded. *See Pearson v. Sec'y of Health & Human Servs.*, No. 17-670V, 2018 WL 5270110, at *1 (Fed. Cl. Spec. Mstr. Aug. 31, 2018); *Cianni v. Sec'y of Health & Human Servs.*, No. 16-1052V, slip op. at 2 (Fed. Cl. Spec. Mstr. Sept. 21, 2018). Concerning the requested rates for 2019, all are reasonable and in the range prescribed by the Fees Schedule for 2019 for attorneys with the experience of Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein. Accordingly, no adjustment to the requested rates is necessary.

### b. Hours Expended

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds that a reduction to the total hours billed is necessary. First, supporting reduction in attorneys' fees is the overall vagueness of Mr. Shoemaker's billing entries. This is an issue which has been raised several times by multiple special masters. *See Dominguez v. Sec'y of Health & Human Servs.*, No. 12-378V, 2018 WL 3028975, at *3 (Fed. Cl. Spec. Mstr. May 25, 2018); *Brodie v. Sec'y of Health & Human Servs.*, No. 17-437V, 2018 WL 3991233, at *3 (Fed. Cl. Spec. Mstr. June 26, 2018); *Eworonsky v. Sec'y of Health & Human Servs.*, No. 04-992V, 2018 WL 2225379, at *4 (Fed. Cl. Spec. Mstr. Apr. 20, 2018); *Cianni*, slip op. at 3; *Rogero v. Sec'y of Health & Human Servs.*, No. 11-770V, slip op. at 4 (Fed. Cl. Spec. Mstr. Aug. 22, 2018); *Prokopeas v. Sec'y of Health & Human Servs.*, No. No. 04-1717V, 2017 WL 6763067, at *7 (Fed. Cl. Spec. Mstr. Dec. 5, 2017); *Patton v. Sec'y of Health & Human Servs.*, No. 16-461V, 2017 WL 9517664, at *3 (Fed. Cl. Spec. Mstr. Aug. 24, 2017); *Mikkelson v. Sec'y of Health & Human Servs.*, No. 15-867V, 2016 WL 6803786, at *1 (Fed. Cl. Spec. Mstr. Oct. 3, 2016); *Young v. Sec'y of Health & Human Servs.*, No. 05-207V, 2018 WL 2225057, at *5-6 (Fed. Cl. Spec. Mstr. Apr. 20, 2018); *Panaitescu v. Sec'y of Health & Human Servs.*, No. 16-753V, 2017 WL 4876036, at *3 (Fed. Cl. Spec. Mstr. Oct. 2, 2017); *Fuesel v. Sec'y of Health & Human Servs.*, No. 02-95V, 2018 WL 2224946, at *4 (Fed. Cl. Spec. Mstr. Apr. 20, 2018); *Drost v. Sec'y of Health & Human Servs.*, No. 01-502V, 2010 WL 3291933, at *8 (Fed. Cl. Spec. Mstr. Jul. 30, 2010).

In this case, entries for correspondence only infrequently mention the topic of the correspondence and entries for review of orders do not describe the order being reviewed. Fees App. at 15-31. Mr. Shoemaker's continued disregard of the Court's repeated requests for greater clarity in his billing records in unacceptable. Given the overall amount of time Mr. Shoemaker spent on communication in this case, whether by e-mail or telephone, the undersigned expects some level of specificity in the description of the activity. As submitted, Mr. Shoemaker's billing entries do not allow the undersigned to ascertain the reasonableness of activity. For example, an entry stating "Review and authorize corr" does not allow the undersigned to assess what Mr. Shoemaker is reviewing or authorizing, or why that task was necessary, or whether 0.2 hours was reason to spend on such a task. Fees App. at 15. Entries such as "emails to and from Sabrina" billed 0.2 hours are similarly unhelpful. Such entries do not allow the undersigned to determine whether the amount of interoffice communication was necessary or unreasonable, a concern given Mr. Shoemaker's prior billing history. *See Fuesel*, 2018 WL 2224946 at *5.

This issue is particularly troubling because of its persistence. Special master's have been opining on Mr. Shoemaker's vague billing entries for well over a decade now. *See Drost*, 2010 WL 3291933 at *8 ("From 1997 through April 22, 2008, 'seven different special masters reduced fee and costs requests filed by [Mr. Shoemaker] in at least fourteen different cases.'" (quoting *Savin*, 85 Fed. Cl. at 317)). "The repetition of mistakes in Mr. Shoemaker's fee applications is not consistent with good lawyering and the repeated correction of those mistakes distracts judicial resources that could have been devoted to other cases." *Id.* at*10.

Accordingly, the undersigned shall reduce the total number of hours billed by Mr. Shoemaker by 15%, resulting in a reduction of **$10,302.82**.

Also requiring reduction are the hours of Ms. Knickelbein for duplicative billing. Like the issues with Mr. Shoemaker's billing, Ms. Knickelbein's billing has been found problematic for over a decade as well. Concerning Ms. Knickelbein's work, there are two consistent issues. First, virtually all of Ms. Knickelbein's work is that which can be (and in the undersigned's experience, typically is) performed by a paralegal. Examples of this include reviewing medical records "for content and completeness," following up on records requests, and filing documents. The fact that entries for review of records are billed for small amounts of time (in this case, 0.1 hours is the standard time Ms. Knickelbein billed for this task) speaks to the superficiality of the review. Ms. Knickelbein was not reviewing the records for substantive information to help draft legal documents or even prepare a timeline to assist Mr. Shoemaker. Rather, it is clear that she was merely reviewing a collection of records to double-check those records are responsive to the request. Such work should not be billed at attorney rates.

The second issue is that many of Ms. Knickelbein's billing entries for review of filings are duplicative because Mr. Shoemaker has also billed time for review of Court orders and filings from respondent. Given that Ms. Knickelbein's work in this case does not rise above the level of paralegal work, the undersigned finds that it is not reasonable for her to review every filing made, especially when they have already been reviewed by Mr. Shoemaker.

The undersigned has reviewed Ms. Knickelbein's billing entries and finds that a reduction of **$1,005.30** is appropriate to account for the duplicate review entries and a reduction of **$1,563.00** is appropriate for compensating paralegal tasks at paralegal rates. In sum, petitioner is awarded final attorneys' costs of **$70,711.33**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $27,002.77 in attorneys' costs. Most of this amount ($25,000.00) is for the work of petitioner's expert Dr. Carlo Tornatore, with the remainder comprised of acquiring medical records and ordering a transcript of the entitlement hearing. Fees App. at 42.

The billing record indicates that Dr. Tornatore billed 50.0 hours at a rate of $500.00 per hour. The hours appear reasonable in light of the work performed by Dr. Tornatore, including preparation of two reports and testifying at the entitlement hearing. However, the requested rates necessitate further discussion.

Dr. Tornatore has consistently been awarded $400.00 per hour for his work in the Vaccine Program. *See Cipa v. Sec'y of Health & Human Servs.*, No. 16-462V, 2019 WL 2744851, at *4 (Fed. Cl. Spec. Mstr. Jun 6, 2019); *Bonica v. Sec'y of Health & Human Servs.*, No. 16-1127V, 2019 WL 948368, at *5 (Fed. Cl. Spec. Mstr. Jan. 22, 2019); *Averitt v. Sec'y of Health & Human Servs.*, No. 16-938V, 2018 WL 4907991, at *3 (Fed. Cl. Spec. Mstr. Sept. 4, 2018). Recently, at least one special master has expressed a willingness to award Dr. Tornatore a higher rate for his

more recent work. *See Cipa,* 2009 WL 2744851 at *3 ("While I would be open in future cases to award Dr. Tornatore a higher rate, I find that rate of $400.00 per hour is appropriate in this case.").

In this case, the undersigned will compensate Dr. Tornatore's work from 2015-2017 at the previously established rate of $400.00 per hour. Concerning Dr. Tornatore's work in 2018, the undersigned is willing to increase his rate to $450.00 per hour in recognition of the overall work he has provided for the Vaccine Program, and for his work in this case. However, the undersigned notes that it is petitioner's burden to justify a requested expert rate. *Simon v. Sec'y of Health & Human Servs.*, No. 05-941V, 2008 WL 623833, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008) ("The burden is on the petitioner to demonstrate the reasonableness of the expert's requested hourly rate."). In the instant case, petitioner has failed to meet this burden, as petitioner's fees application contains no justification as to why Dr. Tornatore should be awarded $500.00 per hour. This is particularly relevant given that counsel has frequently retained Dr. Tornatore as an expert, requested an hourly rate of $500.00, and had that rate reduced. *See Cipa*, 2009 WL 2744851 at *3.

Applying the aforementioned rates to Dr. Tornatore's work results in a reduction of **$3,975.00**. The undersigned finds the remaining requested costs to be reasonable and supported by adequate documentation. Accordingly, petitioner is entitled to final attorneys' costs of **$23,027.77**.

### d. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs of $660.49 for the Court's filing fee, postage, and for medical evaluations related to litigation. Fees App. at 3. Petitioner has provided proof of these incurred costs and they shall be reimbursed in full.

## II. Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $83,582.45 |
| (Reduction to Fees) | - ($12,871.12) |
| **Total Attorneys' Fees Awarded** | **$70,711.33** |
| | |
| Attorneys' Costs Requested | $27,002.77 |
| (Reduction of Costs) | - ($3,975.00) |
| **Total Attorneys' Costs Awarded** | **$23,027.77** |
| | |
| **Total Attorneys' Fees and Costs** | **$93,739.10** |
| | |
| **Petitioner's Costs Awarded** | **$660.49** |
| | |
| **Total Amount Awarded** | **$94,399.59** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions noted above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $93,739.10, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Clifford Shoemaker; and**

2) **A lump sum in the amount of $660.49, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).